<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PANASONIC LATIN AMERICA S.A. and TOKIO MARINE AND FIRE INSURANCE CO., LTD., | : : : : | |
| Plaintiffs, | : : | Civil Action No. 03-3040 (JAG) |
| v. | : : : | **OPINION** |
| ALLIANCE SHIPPERS, INC., | : : | |
| Defendant. | : | |

**<u>GREENAWAY, JR., U.S.D.J.</u>**

This matter comes before the Court on the motion for summary judgment by Defendant Alliance Shippers, Inc. ("Alliance"), pursuant to FED. R. CIV. P. 56. For the reasons set forth below, Defendant's motion will be denied.

<u>**BACKGROUND**</u>

This dispute arises out of a loss that occurred in a shipment of telephones. Plaintiff Panasonic Latin America S.A. ("Panasonic") engaged Alliance for the shipment of a quantity of telephones from Tijuana, Mexico to Miami, Florida, in and around August of 2002. Alliance arranged for the shipment, and its role is in dispute. When the shipment was delivered to Plaintiff in Miami, the shipment was found to be short a quantity of telephones. Plaintiff Tokio Marine and Fire Insurance Co., Ltd. reimbursed Panasonic for the loss.

In August and September of 2002, Panasonic and Alliance had executed the document titled "Transportation Agreement" (the "Agreement"). The parties dispute the applicability of

this Agreement to this shipping transaction, as well as Alliance's role in the transaction.

## LEGAL STANDARD

**I.      Summary Judgment**

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."  In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir.1991)).  "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists.  Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial.  Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## DISCUSSION

**I.     Defendant's Motion for Summary Judgment**

In briefing this motion for summary judgment, neither party has argued that any particular state's law governs.  The Agreement contains a governing law provision: in section 22.1, it

provides that the Agreement is governed by New York law.  (Janicek Aff. Ex. F 18.)   As such, in deciding this motion, where issues of state law arise, this Court shall apply the law of New York.

      A.      <u>The existence of an applicable contract</u>

Defendant first moves for summary judgment on Plaintiff's claim for breach of contract, contending that the Transportation Agreement is inapplicable on three grounds: 1) the effective date is September 17, 2002, which is after the date of receipt of the shipment, September 9, 2002; 2) the Agreement applies to different goods; and 3) the Agreement applies to a different shipping route.  None of these arguments succeeds.

As to the effective date of the Agreement, the Agreement states, in its first sentence, an effective date of July 25, 2002.  (Janicek Aff. Ex. F 1.)  The signature page of the Agreement is dated August 8, 2002 as to Alliance and September 17, 2002 as to Panasonic.  (<u>Id.</u> at 18.)  Alliance thus has ignored the clear and unambiguous provision of the written Agreement that states an effective date preceding the date of shipment.  In New York, parties may create contracts with retroactive effect.  <u>Stabile v. Viener</u>, 291 A.D.2d 395, 396 (2d Dep't 2002).  The parties here agreed to a contract with retroactive effect.  The date on which Panasonic executed the writing does not change the retroactive effective date.

As to the specification of goods and shipping routes, Alliance contends that the Agreement applies to different goods and a different shipping route, but, in support, points only to Janicek's statement to this effect in his affidavit.  This Court finds no provision or schedule in the Agreement limiting its application to any particular goods or shipping route, nor has Alliance referred to any specific provision in the Agreement.

The Agreement has a merger clause in section 19.1, and Defendant may not offer

4

extrinsic evidence to modify the Agreement's terms.  Primex Int'l Corp. v. Wal-Mart Stores, 89 N.Y.2d 594, 599 (1997) ("the purpose of a general merger provision, typically containing the language found in the clause of the parties' 1995 Agreement that it 'represents the entire understanding between the parties,' is to require full application of the parol evidence rule in order to bar the introduction of extrinsic evidence to vary or contradict the terms of the writing.")  The Janicek affidavit is extrinsic evidence and it may not be used to vary the terms of the Agreement.

Defendant has failed to demonstrate that the Transportation Agreement is inapplicable, and thus it has not shown that it is entitled to judgment as a matter of law on the claim for breach of contract.  As to the claim for breach of contract, Defendant's motion for summary judgment is denied.

  B.  The theory of bailee liability

Defendant moves for summary judgment on Plaintiff's theory of bailee liability, arguing that an element necessary to create a bailment relationship is absent – delivery of Plaintiffs' goods to Defendant.  Because of the governing law provision of the Transportation Agreement, this Court looks to the New York law of bailment to decide this issue.  New York law does not require actual delivery to the bailee; a court may find constructive delivery based on events that are merely symbolic of delivery.  9 N.Y. JUR. 2D *Bailments and Chattel Leases* § 11 (2006); Wentworth v. Riggs, 159 A.D. 899 (1st Dep't 1913); Isik Jewelry v. Mars Media, Inc., 418 F. Supp. 2d 112 (E.D.N.Y. 2005) (stating a theory of constructive or implied bailment); Mack v. Davidson, 55 A.D.2d 1027, 1028 (4th Dep't 1977) (a bailment may be implied by law).  In addition, delivery to the bailee's agent constitutes actual delivery.  Wentworth, 159 A.D. at 899;

Leavy v. Games Management Service, 105 Misc. 2d 50, 51 (N.Y. Civ. Ct. 1980). Thus, the absence of physical delivery to an Alliance employee does not preclude the establishment of a bailment relationship.

The parties did not fully analyze the question of whether a bailment was created, and this Court cannot yet determine whether the requirements have been met. Under New York law, "[t]o constitute a bailment, the goods would have to be placed in a position to be cared for by and under the control of the bailee or the bailee's agent, with the bailee's knowledge and consent." 9 N.Y. JUR. 2D *Bailments and Chattel Leases* § 11 (2006). Defendant points to the Janicek affidavit, which indicates that Alliance did not take possession of the goods, but instead arranged for the goods to be transported by other companies. (Janicek Aff. at D7.) As noted above, under New York law, this Court could still find that Alliance was a bailee and that these other companies were its agents; it could also find that a bailment relationship should otherwise be implied by law. Defendant has not persuaded this Court that, in the absence of physical delivery to an Alliance employee, Plaintiff cannot prove that a bailment was created, and it has not shown entitlement to judgment on this issue as a matter of law.

Defendant's motion for summary judgment on the theory of bailee liability is denied.

C.      Negligence

Defendant next moves for summary judgment on Plaintiff's claim of negligence, contending that there is no evidence that Alliance was negligent. Plaintiff responds that general bailment law creates a presumption of negligence. Because of the governing law provision of the Transportation Agreement, this Court looks to New York law to decide this issue. New York subscribes to the principle that Plaintiff invokes: failure of a bailee to return an object creates a

presumption of negligence. <u>Voorhis v. Consolidated Rail Corp.</u>, 60 N.Y.2d 878, 879 (1983). Thus, if the requirements for creation of a bailment relationship have been met, a presumption of negligence arises.

As discussed above, the parties have not addressed the question of bailment sufficiently to determine whether or not the law of bailment applies. As such, this Court cannot yet determine whether the presumption of negligence will be established. If the presumption is invoked, Defendants will bear the burden of rebutting this presumption. Judgment on this record is premature. Defendant has not persuaded this Court that it is entitled to judgment on this issue as a matter of law. Defendant's motion for summary judgment on negligence is denied.

    D.    <u>The theory of carrier liability</u>

Defendant next moves for summary judgment on Plaintiff's theory of carrier liability, contending that it is not a carrier, as defined in 29 U.S.C. § 13102(3). Defendant's sole effort at persuasion on this issue is this statement in its brief: "Alliance is not now and never was" a motor carrier. (Def.'s Br. 9.) This is simply insufficient to justify a grant of summary judgment.

At trial, in laying the foundation for its case on carrier liability, Plaintiff has the burden of proving that Defendant is a carrier, as defined in 29 U.S.C. § 13102. To prevail at summary judgment on an issue for which the non-movant bears the burden of proof, the moving party must "point[] out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." <u>Celotex</u>, 477 U.S. at 325. Defendant has not done so. Defendant has not discussed the evidence of record on the carrier issue, no less pointed out the absence of evidence to support Plaintiff's case. Defendant has done no more than to assert that Plaintiff is incorrect, which cannot be sufficient to show an entitlement to judgment as a matter of law. Defendant's

7

motion for summary judgment on carrier liability is denied.

## **CONCLUSION**

For the reasons stated above, this Court finds that Defendant has failed to demonstrate, for any issue, that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  Defendant's motion for summary judgment is denied.

  S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: May 19, 2006